# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued April 20, 2017                    Decided May 26, 2017

No. 16-5235

WASHINGTON ALLIANCE OF TECHNOLOGY WORKERS,
APPELLANT

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00529)

———

*John M. Miano* argued the cause for appellant. With him on the briefs were *Dale Wilcox* and *Michael Hethmon*.

*Joshua S. Press*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief was *Glenn M. Girdharry*, Assistant Director.

Before: HENDERSON and KAVANAUGH, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

Dissenting opinion filed by *Circuit Judge* KAVANAUGH.

SENTELLE, *Senior Circuit Judge*: Appellant Washington Alliance of Technology Workers ("Washtech") received a fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for proceedings in which it partially succeeded in challenging a Department of Homeland Security practice allowing student visa holders to remain in the United States after completion of their formal education. Washtech appeals from the award, arguing that the district court erred in compensating it only for legal services time devoted to the one claim upon which it succeeded, as opposed to the entire litigation, and that the court abused its discretion in ordering further reductions from the amount sought. Because we conclude that the district court did not abuse its discretion, we affirm the decision of the district court.

## I.     BACKGROUND

In 2002, when Congress created the United States Department of Homeland Security ("DHS"), it transferred to the Secretary of Homeland Security the authority and responsibility theretofore residing in the Attorney General for the administration and enforcement of the Immigration and Naturalization Act, 8 U.S.C. § 1101, *et seq.* (the "Act"). The statute authorizes various visas allowing of the admission to the United States of specified categories of aliens for specified purposes. The "F-1 student visa" authorizes admission of "bona fide student[s] qualified to pursue a full course of study" and who seek entry to the United States "temporarily and solely for the purpose of pursuing" studies as specified in the Act. *Id.* § 1101(a)(15)(F)(i). DHS and its predecessor agencies have

long permitted aliens with student visa status to remain in the United States after graduation to participate in the workforce as part of an Optional Practical Training program ("OPT"). *See, e.g.*, Pre-Completion Interval Training; F-1 Student Work Authorization, 57 Fed. Reg. 31,954 (July 20, 1992) (codified at 8 C.F.R. § 214.2(f)(10)(ii)) ("1992 OPT Rule"). Between 1992 and 2007, the 1992 OPT Rule authorized one year of employment after graduation to alien guestworkers. 8 C.F.R. § 214.2(f)(11) (2007). DHS subsequently extended the OPT period by 17 months for students with a science, technology, engineering, or mathematics degree. Extending Period of Optional Practical Training, 73 Fed. Reg. 18,944 (Apr. 8, 2008) (codified at 8 C.F.R. pts. 214, 274a) ("2008 OPT Rule"). Washtech, a labor union that represents American workers in technology fields, filed a complaint in federal district court, alleging three counts challenging the OPT program as a whole, arguing that it was unlawful for DHS to allow "students" to remain in the United States and work after they had graduated. These claims were dismissed early in the case after the district court found that Washtech lacked standing to pursue them. *See Wash. All. of Tech. Workers v. Dep't of Homeland Sec.*, 74 F. Supp. 3d 247, 252 (D.D.C. 2014). Remaining counts related to the 2008 OPT Rule extending the maximum OPT period, challenging the 2008 OPT Rule on procedural and substantive grounds. The district court rejected Washtech's claim that DHS exceeded its statutory authority by issuing the 2008 OPT Rule but upheld Washtech's claim that DHS had waived notice and comment without good cause. *Wash. All. of Tech. Workers v. Dep't of Homeland Sec.*, 156 F. Supp. 3d 123, 140-45, 145-47 (D.D.C. 2015) ("Merits Opinion"). The court vacated the rule but stayed vacatur for six months and directed DHS to "submit the 2008 [OPT] Rule for proper notice and comment." *Id.* at 149. Washtech appealed.

During the pendency of the appeal, DHS moved the district court to alter its judgment so as to extend the stay of vacatur of the 2008 OPT Rule, a motion that Washtech opposed. The district court extended the stay of vacatur for approximately three months. Washtech subsequently appealed that decision.

On March 11, 2016, DHS promulgated a new rule to replace the 2008 OPT Rule. *See* Improving and Expanding Training Opportunities for F-1 Nonimmigrant Students With STEM Degrees and Cap-Gap Relief for All Eligible F-1 Students, 81 Fed. Reg. 13,040 (Mar. 11, 2016) (codified at 8 C.F.R. pts. 214, 274a) ("2016 OPT Rule"). On May 13, 2016, this Court held that the issues raised in the appeal before it were therefore moot. *Wash. All. of Tech. Workers v. Dep't of Homeland Sec.*, No. 15-5239, 650 F. App'x 13 (D.C. Cir. May 13, 2016).

Washtech filed a motion for fees under the EAJA. The district court held that Washtech was a prevailing party under the EAJA and awarded fees. *Wash. All. of Tech. Workers v. Dep't of Homeland Sec.*, 202 F. Supp. 3d 20, 24-26 (D.D.C. 2016). However, the court awarded a significantly lower fee than Washtech requested. *Id.* at 29. The court declined to award fees for any activities undertaken after its Merits Opinion because "plaintiff achieved no success in this litigation" after that date. *Id.* at 28-29. And because it found Washtech's victory "marginal," the court awarded Washtech 15% of the remaining requested fees and expenses. *Id.* at 29. Washtech filed the present appeal.

## II.    DISCUSSION

### A.  Standard of Review

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, district courts may award "reasonable" fees and must disallow claims for "excessive, redundant, or otherwise unnecessary" charges. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).[1]  "It remains for the district court to determine what fee is 'reasonable.'" *Id.* at 433.  As we have stated, "the determination of how much to trim from a claim for fees is committed to the [district] court's discretion." *Okla.*

---

[1] Although *Hensley* dealt with an award of fees under 42 U.S.C. § 1988 rather than the EAJA, *Hensley* is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n.7.  Thus, *Hensley*'s standards apply in the present case.

*Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991). Therefore, we "review an EAJA fee award for abuse of discretion." *Truckers United for Safety v. Mead*, 329 F.3d 891, 894 (D.C. Cir. 2003). We "'will reverse the district court if its decision rests on clearly erroneous factual findings or if it leaves us with a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Id.* (quoting *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 596 (D.C. Cir. 1996)).

### B. Analysis

When, as in this case, plaintiffs seeking EAJA awards have brought multiple claims and prevailed on only one or fewer than all of the claims, the question arises, as it does before us, as to what portion of the fees claimed by the EAJA applicant are compensable under the Act. In answering that question, we begin with the proposition that "counsel's work on one claim [is] unrelated to his work on another claim[,]" and "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 435 (internal quotation marks and citation omitted). However, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* In such situations, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.*; *see also Anthony v. Sullivan*, 982 F.2d 586, 589 (D.C. Cir. 1993). "The result is what matters." *Hensley*, 461 U.S. at 435.

The district court found "no difficulty segregating fees related to [Washtech]'s appeal and opposition to DHS's motion for reconsideration" from its successful claims because Washtech achieved "no success" in the litigation after the court issued its Merits Opinion. *Washtech*, 202 F. Supp. 3d at 28-29. Even where a plaintiff's claims are "interrelated, nonfrivolous, and raised in good faith[,]" fees are not authorized where a plaintiff has achieved only limited success and a district court may "identify specific hours that should be eliminated." *Hensley*, 461 U.S. at 436. It was therefore within the district court's discretion to deny fees generally for Washtech's unsuccessful efforts.

Included among the disallowed fees is Washtech's unsuccessful appeal to this Court. Washtech argues that "[t]he effect of the appeal to this Court was to eliminate the question of whether the lawfulness of the OPT program was a *res judicata*" so that Washtech could pursue its substantive argument in a subsequent case. Pet'r's Br. at 15. Therefore, "the appeal and this Court's judgment produced a favorable change for Washtech in its legal relationship with DHS." *Id.* (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). But "fees are available only to a party that 'prevails' by winning the relief it seeks." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (citations omitted). Although this Court vacated the district court's opinion, Washtech did not win the relief it sought from this Court—a reversal on the merits—and thus did not prevail in its appeal. The Supreme Court has squarely held that, where a controversy is mooted before a court of appeals' judgment issues, an appellant is "not, at that stage, a 'prevailing party' as it must be to recover fees . . . ." *Id.* at 483. It was therefore within the district court's discretion to deny Washtech fees for work done on its appeal.

The district court also denied entirely reimbursement for Washtech's attorneys traveling to and from Washington to testify before the Senate. *Washtech*, 202 F. Supp. 3d at 29. This was within the court's discretion because counsel's testimony "had no impact whatsoever on this litigation." *Id.*

Washtech further argues that the district court abused its discretion by "arbitrarily" awarding a smaller fee than that requested. The district court agreed with Washtech that its other "various challenges to the OPT program were interrelated and thus . . . issue-by-issue compartmentalization of the unsuccessful claims is not feasible." *Id.* (citations omitted). The court was then required to consider "whether the expenditure of counsel's time was reasonable in relation to the [limited] success achieved." *Hensley*, 461 U.S. at 436; *see also George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1537 (D.C. Cir. 1992). The Supreme Court has made clear that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440.

The district court explained that "the [requested] award must be reduced in light of [Washtech's] limited success in this action." *Washtech*, 202 F. Supp. 3d at 28. While Washtech prevailed on its notice-and-comment claim, the district court rejected its claims challenging the 1992 OPT Rule and "its primary claim that DHS exceeded its statutory authority by issuing the 2008 [OPT] Rule." *Id.* at 27-28. Washtech asserts that these arguments were merely alternative grounds for its desired outcome—vacatur of the 2008 OPT Rule—and "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435. Indeed, the district court ordered vacatur of the 2008 OPT Rule. However, Washtech's argument ignores the fact that, as the district court stated, "[t]he outcome [Washtech] achieved—

vacatur of the 2008 [OPT] Rule, subject to DHS's later promulgation of a replacement rule—is far more limited than if the Court had accepted its overarching claim that DHS exceeded its statutory authority, since DHS could not then have promulgated the replacement rule." *Washtech*, 202 F. Supp. 3d at 28. Further, the three claims dismissed for lack of standing challenged the entire OPT program, rather than the 2008 extension, and "success on those claims would have certainly provided greater relief than plaintiff actually achieved." *Id.* It was therefore within the district court's discretion to find Washtech's victory "marginal," *id.* at 29, and reduce the fee in light of its "partial or limited success[,]" *Hensley*, 461 U.S. at 436.

In addition, the district court found that Washtech's fees were "unjustifiably high" in light of the number of attorneys working on the matter and "unnecessary duplication" of efforts as well as insufficient detail in billing records. *Washtech*, 202 F. Supp. 3d at 29. Such judgments were well within the district court's discretion. *See, e.g.*, *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (reducing plaintiff's award in part because of its attorneys' duplication of effort and deficient time entries and holding that a "fixed reduction is appropriate" where a large number of time entries are deficient); *Kennecott Corp. v. EPA*, 804 F.2d 763, 767 (D.C. Cir. 1986) ("A fee award may be discounted as a result of poor documentation.").

III.    CONCLUSION

For the reasons set forth above, the district court's order awarding Washtech attorney's fees is affirmed.

KAVANAUGH, *Circuit Judge*, dissenting:  Plaintiff Washtech sued to challenge a 2008 rule issued by the Department of Homeland Security.  Washtech sought to have the rule vacated.  Washtech succeeded:  The District Court vacated the rule.  The fact that Washtech raised a number of different arguments against the 2008 rule, but prevailed on only one, does not matter for attorney's fees purposes, because that one winning argument afforded Washtech the result that it sought.  As the Supreme Court has stated: "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters."  *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  Based on that *Hensley v. Eckerhart* principle, I would vacate the District Court's order and remand for recalculation of fees without penalizing Washtech for having raised alternative grounds for relief.  I respectfully dissent from the majority opinion's contrary decision.